IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHOUTHAVY CHANTHASENG,

      Petitioner,

  v.          CASE NO. 22-3159-JWL-JPO

DONALD LANGFORD,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, who is proceeding pro se, is serving a state sentence at Ellsworth Correctional Facility in Ellsworth, Kansas. On August 4, 2022, he filed his petition (Doc. 1) and a motion to stay this matter and hold it in abeyance so that he may exhaust state-court remedies for some of his currently unexhausted grounds for relief (Doc. 2). For the reasons stated below, the Court will grant the motion.

**Background**

In 2008, a jury in Sedgwick County, Kansas convicted Petitioner of aggravated indecent liberties with a child and he was sentenced to life imprisonment without the possibility of parole for 25 years. *Chanthaseng v. State*, 2021 WL 2388490, *1 (Kan. App. 2021), *rev. denied* Mar. 11, 2022. He pursued a direct appeal and, on September 9, 2011, the Kansas Supreme Court affirmed the conviction and sentence. *State v. Chanthaseng*, 293 Kan. 140, 152 (2011).

In June 2012, Petitioner filed a motion for state habeas relief under K.S.A. 60-1507. *Chanthaseng*, 2021 WL 2388490, at *1. The

district court denied relief and Petitioner appealed. *Id.* Although it appears that Petitioner raised several issues in the district court, by the time the case reached the Kansas Court of Appeals (KCOA), it was limited to whether the district court erred by denying Petitioner's request for an evidentiary hearing on "'the question of trial counsel's effectiveness during the voir dire process and his failure to strike, or even question a [juror] with a history of being molested as a child.'" *Id.* at *1, 5-7. The KCOA affirmed the district court's decision. *Id.* at *7. The Kansas Supreme Court denied the petition for review on March 11, 2022.

**The Current Petition and Motion**

On August 4, 2022, Petitioner filed the petition for relief pursuant to 28 U.S.C. § 2254 that is now before the Court. "'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies.").

Petitioner asserts seven grounds for relief and, to his credit, he candidly concedes that five of the grounds have not been exhausted in state court. (Doc. 1, p. 12.) He asserts that the

failure to exhaust is due to the ineffective assistance of counsel during his K.S.A. 60-1507 proceeding. *Id.* As Petitioner notes in his motion to stay, K.S.A. 60-1507(f) provides that he may bring a second K.S.A. 60-1507 action challenging the effectiveness of counsel during his first K.S.A. 60-1507 proceeding. Under K.S.A. 60-1507(f)(1)(C), Petitioner must file that motion "within one year of: . . . the denial of the petition for review on such prior motion."

The timeliness of this federal habeas action, however, is governed by Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). At the time Petitioner's direct appeal concluded, the Rules of the United States Supreme Court allowed ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011). The AEDPA also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

As Petitioner sets forth in his petition, when the one-year limitation period under AEDPA is calculated, it expires on approximately August 28, 2022. (See Doc. 1, p. 13-14.) Thus, this petition is timely filed, but less than one month remains in the limitation period. Thus, Petitioner asks the Court to stay this matter and hold it in abeyance so that he may return to state court to attempt to exhaust his currently unexhausted grounds for federal

habeas relief.

Petitions such as the one now before the Court, which contain exhausted claims *and* unexhausted claims for which state-court remedies are still available, are known as mixed petitions. *See Grant v. Royal*, 886 F.3 874, 891-92 (10th Cir. 2018). A federal district court faced with a mixed petition has several options, including dismissing the entire petition without prejudice to permit exhaustion, staying the petition and holding it in abeyance while the petitioner exhausts state-court remedies, denying the petition on the merits, and allowing the petitioner to delete the unexhausted claims and proceed only on the exhausted claims. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016). A federal district court may stay habeas proceedings to permit exhaustion of state court remedies on a claim if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Court has examined the motion to stay and considered the arguments therein. It concludes that Petitioner has met the requirements set forth in *Rhines* and, thus, the Court will grant the motion and stay these proceedings to permit exhaustion of state court remedies on the five unexhausted grounds in the petition.

Petitioner is ordered to file a status report on or before October 5, 2022, informing the Court of the status of his state-court proceedings. If Petitioner has filed his second K.S.A. 60-1507 motion by that time, or filed any other motion in state court related to the currently unexhausted grounds in this federal habeas

petition, he must provide this Court with the relevant state court case number, the county in which that action is proceeding, and any events that have occurred in that proceeding. If Petitioner has not begun to exhaust his state-court remedies by that time, he must explain to this Court the actions he has taken toward doing so.

Petitioner is further reminded that the Notice of Deficiency (Doc. 3) remains in effect. Petitioner must file a motion to proceed in forma pauperis and the required documentation or pay the $5.00 filing fee on or before September 6, 2022, or risk dismissal of this matter without further prior notice.

**IT IS THEREFORE ORDERD** that the motion for stay and abeyance (Doc. 2) is **granted** and this matter will be stayed pending resolution of the related state-court proceedings. Petitioner is directed to file a status report on or before October 5, 2022, that includes the information identified in this order.

**IT IS SO ORDERED.**

DATED: This 5th day of August, 2022, at Topeka, Kansas.

S/ James P. O'Hara
JAMES P. O'HARA
U.S. Magistrate Judge